UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUCCESS ON SUSSEX, LLC. and
JEROME SHELL,

      Plaintiffs,

v.

                                          Case No. 23-cv-11161
                                          Honorable Linda V. Parker

CITY OF DETROIT BUILDINGS, SAFETY
ENGINEERING AND ENVIRONMENTAL
DEPARTMENT, THOMAS GILCHRIST,
ADAMO DEMOLITION, INC., and
CITY OF DETROIT,

      Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFFS' CLAIMS AGAINST ADAMO DEMOLITION, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) AND EASTERN DISTRICT OF MICHIGAN LOCAL RULE 41.2**

This matter is presently before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), filed by Defendant Adamo Demolition, Inc. ("Adamo") on November 1, 2023. (ECF No. 14.) As of November 30, Plaintiffs had not responded to Adamo's motion even though the deadline for doing so was 21 days after the motion was filed (i.e., November 22). *See* E.D. Mich. LR 7.1(e)(2). Therefore, on November 30, this Court issued an order requiring Plaintiffs to show cause in writing within 14 days as to why their claims against

1

Adamo should not be dismissed with prejudice for the reasons set forth in Adamo's motion and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.  (ECF No. 15.)  Plaintiffs have not responded to the show cause order.

## Background

On April 24, 2023, Plaintiffs, through counsel, initiated this lawsuit in state court against Defendants.  (ECF No. 1 at PageID. 6-23.)  The matter was removed to federal court on May 16, 2023.  (ECF No. 1 at PageID. 1-4.)  At a status conference held shortly thereafter, Plaintiffs' counsel agreed to stipulate to the dismissal of Defendant Adamo Demolition, Inc. ("Adamo"); however, after the conference, counsel withdrew her consent.  (*See* ECF Nos. 14-3, 14-4.)

Adamo therefore filed an Answer to Plaintiffs' Complaint.  (ECF No. 10.)  The Court then set a scheduling conference for October 19, 2023, informing the parties in the scheduling notice of their obligation to file a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f) at least three business days before the conference.  (ECF No. 12.)  Prior to the conference, counsel for defendants submitted a proposed plan to Plaintiffs' counsel but heard no response.  (*See* ECF Nos. 14-5, 14-6.)  Defendants therefore submitted their portion of the plan to the Court before the scheduling conference.  (*See* ECF No. 14-6.)

Plaintiffs' counsel failed to appear at the October 19 conference. Counsel did not otherwise contact the Court. Based on Plaintiffs' lack of participation, Adamo filed its pending motion. Prior to doing so, Adamo's counsel sought concurrence from Plaintiffs' counsel. (*See* ECF no. 14-1.) That request also was met with silence. (ECF No. 14 at PageID. 202 n. 1.)

## Discussion

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

There must be "'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v.*

3

*Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id*. at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay. As detailed above, Plaintiffs have ignored these proceedings and the Court's orders. Plaintiffs, through counsel, failed to respond to defense counsel's attempts to prepare a Rule 26(f) plan and then failed to appear at the scheduling conference or otherwise contact the Court. Plaintiffs failed to respond to Adamo's motion to dismiss. The Court warned—or at least indirectly indicated—to Plaintiffs that the failure to respond to the resulting show cause order would result in granting Adamo's motion to dismiss. Plaintiffs' conduct suggests, at the very least, that they have returned to their position that Adamo should be dismissed from this action.

Taken together, the relevant factors support dismissal of Plaintiffs' claims against Adamo with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Defendant Adamo Demolition, Inc.'s motion to dismiss (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Adamo Demolition, Inc. are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2, and this defendant is **DISMISSED AS A PARTY** to this action.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 18, 2023